Per Curiam.

It was error to prohibit defendant from offering rebuttal evidence to explain some of the bank accounts about which he testified and made admissions on cross-examination. The collateral issue rule would bar the adversary from offering contradictory proof, but should hardly bar the party who makes what appears to be admissions on cross-examination from explaining them. However, in view of the all but conclusive proof of defendant’s guilt, the error was harmless, and there should be an affirmance under the statutory harmless error rule (CPL 470.05, subd. 1).
Enough of the facts are described in the dissenting opinion so that it is not necessary to repeat or add to them except as required to relate the discussion which follows.
One may agree with much, if not all, of the analysis in the dissenting opinion, and yet not agree with its conclusion. It is true that any error in a criminal case in which the error-free proof supports a verdict of guilty beyond a reasonable doubt may nevertheless be harmful. It is not true, however, that every error on an issue relevant to the case must be harmful. Otherwise, the statute and the “ harmless error ” rule would apply only to an absurd category, namely, errors committed as to irrelevant or immaterial matters. It is difficult to conceive of such an “ error ” and yet that the ruling should indeed be an error.
*195 While it would not be ^useful in thiscase to enlarge on the scope of harmless error, it is enough to elaborate on this instance of the rule’s application. (For a restatement of the harmless error rule see People v. Crimmins, 36 N Y 2d 230.) The evidence and testimony excluded did not relate directly to any fact or element of the crimes charged involving drug transactions. The excluded evidence became relevant only because the prosecution in cross-examination of defendant on a concededly collateral matter educed partial admissions of a collateral fact, that is, unusually large cash resources owned or available to defendant, a person of limited income.
The prosecution could not have offered independent evidence-to disprove the correctness of any of defendant’s denials just because they resulted from the exploration of the collateral issue (Richardson, Evidence [10th ed.], § 491). It was this rule which impelled the trial court to exclude defendant’s offer to explain his admissions, not his denials, because related to a collateral issue. The rule was thus stretched beyond its proper reach and prevented defendant from explaining by independent, evidence the partial admissions-on his cross-examination.
Again, the collateral issue rule bars the cross-examiner from offering evidence contradicting the cross-examined party on a collateral issue; it does not or should not bar the cross-examined party from explaining his admissions or offering, within reason, proof from others to explain his partial admissions.
Aside from* overwhelming evidence of guilt, the error was. harmless for another reason. The excluded evidence would have explained only a part-of the bank accdunts to which defendant had access. Thus, even if the excluded evidence had been received it would still have left defendant with access to unexplained substantial cash resources not referable to his admitted income.
Apart from the strong prosecution evidence! against defendant, a probationary policeman, of the sale of 50 packets of heroin to a police officer for $170, defendant admitted that after his arrest narcotics were found in his possession. His implausible explanation was that he had taken some from youngsters in a park and found the rest on the ground, .and had not yet had a chance to advise 'his sergeant.
*196 On this view, the conclusion to hold that the erroneous exclusion was harmless is quite consistent with the obviously sound view that harmlessness of error is not to be found merely by balancing the evidence in favor of and against the defendant (see People v. Crimmins, 36 N Y 2d 241, supra).
Accordingly, the order of the Appellate Division should foe affirmed.