■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTHA L. BEARD, JR., Appellant.—Appeal by a defendant from a judgment of the County Court, Suffolk County, rendered September 15, 1976, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. The findings of fact are affirmed. The instant prosecution was jurisdictionally barred by the former version of subdivision 2 of section 165.60 of the Penal Law, which stated, in relevant part: "provided that a person may not be convicted of both larceny and criminal possession of stolen property with respect to *the*

*same property"* (emphasis supplied).* Since defendant had previously been convicted of criminal possession of stolen property in the third degree with respect to a portion of the victim's property, this statute may not be circumvented through an indictment for robbery of "different" property taken in the same transaction. Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.

---

* This section has been amended effective Sept. 1, 1976, by deletion of the quoted language from subdivision 2 of section 165.60 of the Penal Law (L 1976, ch 375). Concurrent convictions would now be permitted, and inequity would be avoided through the use of concurrent sentencing (see Hechtman, 1976 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law).