■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTHA BEARD, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered May 8, 1979, convicting him of criminally negligent homicide, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and case remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Defendant's guilt was not established beyond a reasonable doubt. Defendant was driving his car with three passengers in it at approximately 35 miles per hour. The passengers had all smoked some marihuana. Suddenly, one passenger, a 15-year-old girl, began telling the defendant to stop the car. He ignored her directions and she repeated her request, threatening to jump from the car if he did not accede to her demand. Defendant responded indicating his disbelief and he continued to drive. The young girl opened the car door and exited while the car was in motion. Defendant stopped his car approximately 200 yards down the road from where the girl lay. Another young woman passenger in the car saw the girl moving in the roadway as she ran towards her. Before she could reach her, however, another car hit the girl, fatally injuring her. The indictment charged defendant with manslaughter in the second degree in that he accelerated his automobile as a passenger was exiting therefrom. Defendant waived a jury and was tried by a Judge at the County Court. The trial court found defendant guilty of the lesser included crime of criminally negligent homicide. Although the trial court found that the defendant had posed no threat to the decedent (cf. *People v Goodman,* 182 Misc 585), it imputed to the defendant knowledge of the effects of marihuana, which was not proven at trial but of which the court took judicial notice, and held, in effect, that the defendant should have known of the high probability that the decedent, because of her condition, would carry out her threat to jump from the moving vehicle. The trial court also found that the defendant placed the decedent in grave risk of death by not stopping his car sooner than he did after she had jumped from the car. In order to be guilty of the crime of criminally negligent homicide, the accused must be said to have failed to perceive a substantial and unjustifiable risk that a particular result would occur or that such a circumstance exists and the risk must be of such nature and degree that the failure to perceive it constitutes a gross devia-

tion from the standard of care that a reasonable person would observe in the same situation (Penal Law, §§ 125.10, 15.05, subd 4). The evidence in this record was insufficient to establish such conduct on the part of defendant beyond a reasonable doubt. There was no proof adduced at trial as to the effects of marihuana generally or upon the decedent, nor was defendant's knowledge of its effect established. Since drugs affect different people in a variety of ways, it was error for the trial court to take judicial notice of a text which stated that marihuana may cause people to show signs of fear and panic and to assume that this is what the decedent experienced or that the defendant could have had such knowledge or understanding. Although, as the People argue, the defendant did evince a knowledge of drug-related jargon, the record is clear that defendant himself did not use marihuana. While a person may be familiar with such terminology and even the possible general effects of the drug, it does not follow that he would always recognize them, or, indeed, could be expected to do so. To assume that the defendant knew and understood that the decedent would jump from the car because of the effects of marihuana is pure conjecture, unsupported by the record. Accordingly, we find that the evidence does not establish beyond a reasonable doubt the trial court's conclusion that the defendant acted in a criminally negligent manner which resulted in the death of his young passenger. There is no proof that the defendant should have known that the decedent was irrational at the time or that she would act upon her threat. We also note that although the trial court and the People place some reliance upon the fact that the defendant failed to stop his car for approximately 200 yards after the decedent jumped, this was not the act alleged in the indictment to have caused her death, nor was the distance so inordinate as to be considered a criminally negligent act. Damiani, J. P., Mangano, O'Connor and Weinstein, JJ., concur.