■ In the Matter of SCOTT F. METH, Respondent, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Manhattan and Bronx Surface Transit Operating Authority (hereinafter MBSTOA), dated September 11, 1985, which denied the petitioner's application for appointment as a bus driver, the appeal is from a judgment of Supreme Court, Kings County (Duberstein, J.), dated May 21, 1986, which vacated the determination and remitted the matter to MBSTOA for reconsideration of the petitioner's application.

Ordered that the judgment is affirmed, with costs.

The petitioner Scott F. Meth was convicted in 1983 of bribe receiving in the second degree and was sentenced to a term of probation. He subsequently sought employment with MBSTOA. The petitioner's employment application, which included his record of conviction and a certificate of relief from disabilities, was reviewed by the manager of employee services, who ultimately determined that the petitioner's 1983 conviction disqualified him from the position of bus driver.

Correction Law article 23-A was enacted to promote the policy of encouraging the rehabilitation of persons previously convicted of criminal offenses by prohibiting unfair discrimination against such persons in licensed professions and occupations (see, Matter of Marra v City of White Plains, 96 AD2d 17, 24). Pursuant to Correction Law § 752, conviction of one or more criminal offenses, per se, shall not be the basis for denial of employment unless

"(1) there is a direct relationship between * * * the previous criminal offenses and the specific * * * employment sought; or

"(2) * * * the granting of * * * employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public". Correction Law § 753 sets forth the factors which a prospective employer must consider in determining whether an employment application submitted by an ex-offender should be denied. This statute, moreover, creates a presumption of rehabilitation arising from the issuance, *inter alia,* of a certificate of relief from disabilities, and imposes a burden on the employer to come forward with evidence to rebut the statutory presumption.

We find that the appellants have not met the burden of rebutting the presumption of rehabilitation. The appellants have not demonstrated the existence of a direct relationship between driving a bus and a bribe receiving conviction nor have the appellants shown that the petitioner would pose an unreasonable risk to the general public *(see,* Correction Law § 752 [2]).

Although the appellants urge that there should be a hearing to determine whether the presumption of rehabilitation has been rebutted, we find that such a hearing is unnecessary. The appellants are not being ordered to hire petitioner; rather, his application is merely being remitted to MBSTOA for reconsideration. Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.