OPINION OF THE COURT
Patricia D. Marks, J.
The unique issue in this case relates to the effect of the use of interlocking confessions in a prior felony conviction of the defendant, Dudley Kuyal, and what effect that conviction has on his treatment as a second felony offender, pursuant to CPL article 400.
The defendant, Dudley Kuyal, pleaded guilty by waiver of indictment on January 8, 1988 to two counts of assault in the second degree. At the time of his plea on January 8, 1988 he *581 was advised he would be sentenced as a second felony offender, based upon his prior conviction on November 9, 1981. At that time he was convicted, after trial, of robbery in the second degree and petit larceny. When he was to be sentenced with respect to his conviction of two counts of assault in the second degree and subsequent to his arraignment on the second felony offender information, he challenged the constitutionality of the prior conviction; at first asserting ineffective assistance of counsel and next asserting that the conviction was obtained in violation of his rights under the provisions of the Constitution of the United States (CPL 400.21 [7] [b]). Having asserted same, he alleged that, pursuant to Cruz v New York (481 US 186), the admission of the nontestifying codefendant’s confession which incriminated him was admitted in violation of his constitutional right to confrontation of witnesses.
At a hearing Robert Veltre, the attorney for the defendant at the 1981 trial, testified that he had joined in a motion for severance orally, not on the record. The decision of Justice Boomer on October 26, 1981 on the motion for severance was denied based upon the interlocking nature of the codefendant’s statements. The analysis applied by Justice Boomer was based on the authority of People v Berzups (49 NY2d 417).
The question for this court is (1) whether a retroactive application of the Cruz decision should be applied in a second felony offender situation where the conviction was constitutional at the time it was obtained; (2) whether the Cruz holding, in fact, has an application to the facts of this specific case and (3) whether or not the retroactive application of the Cruz decision would affect the constitutionality of the underlying conviction.
The question of whether the retroactive application of Cruz (supra) would have any effect on the enhancement of punishment, pursuant to CPL article 400, appears to be a question not previously decided by any New York State court. However, the Second Circuit for the United States Court of Appeals determined that where a prior conviction was had in violation of Mapp v Ohio (367 US 643), it would not affect the use of that conviction as a basis for predicate felony offender status (U. S. ex rel. Cadogan v Lavallee, 502 F2d 824). The court determined that it is the constitutional principles which were in effect at the time of conviction which were relevant. However, the Cadogan case can be easily distinguished from the case herein. In the first place, Mapp v Ohio was specifi *582 cally determined not to be retroactive by the United States Supreme Court (see, Linkletter v Walker, 381 US 618). The Cruz decision has apparent retroactive application in this case (People v Hamlin, 71 NY2d 750 [June 2, 1988]; Thompson v State of S. Carolina, 672 F Supp 2d 896) in that its holding affects the reliability and credibility of the evidence received against the defendant, Dudley Kuyal.
The second question to be determined by this court: is the confession which was admitted as evidence against the defendant herein otherwise admissible? Generally, it has been held that a codefendant’s confession is presumed unreliable (Ohio v Roberts, 448 US 56). The Supreme Court in Lee v Illinois (476 US 530) discusses circumstances in which a codefendant’s statement might bear sufficient “indicia of reliability” to rebut this presumption. In Lee, however, the court found that the People failed to overcome the presumption based upon the circumstances surrounding the codefendant’s having given his statement. In Lee, as in the case at bar, the codefendant was aware that he was implicated and to be arrested together with his accomplice. The court stated that the “evidence documents a reality of the criminal process, namely, that once partners in a crime recognize that the 'jig is up,’ they tend to lose any identity of interest and immediately become antagonists, rather than accomplices.” (Lee v Illinois, supra, at 544-545.)
In this case, the People have failed to set forth any circumstances which would satisfy the limited exception to the presumption of unreliability.
Having decided that, the statements of the codefendant, William Kuyal, are not otherwise admissible as having the "indicia of reliability”. The court must now determine whether the admission of the statements of William Kuyal at the joint trial of William and Dudley Kuyal was in violation of Dudley Kuyal’s constitutional rights as they are articulated in Bruton v United States (391 US 123). In Bruton, the court determined that the statement of a nontestifying codefendant implicating a defendant could not be received in a joint trial without violating the Confrontation Clause. The Court of Appeals had recognized a limited exception to Bruton in cases where the defendant and codefendant’s statements "interlocked” (People v Cruz, 66 NY2d 61; People v McNeil, 24 NY2d 550). The Supreme Court in Cruz (supra) reviewed that exception and set up the criteria that the court is to consider. These include: the likelihood that the instructions of the court to disregard the statements of the codefendant when considering *583 its verdict against the defendant would be disregarded; the probability that such disregard will have a devastating effect and the determinability of these facts in advance of trial. (Cruz v New York, supra, at 1719; see also, Richardson v Marsh, 481 US 200.) The statements admitted at the joint trial should be reviewed.
William Austin, Sr. testified to statements by the defendant in which he claimed he asked Dudley and William Kuyal if they "did it” (the robbery) and Dudley Kuyal responded "yes”. When Dudley Kuyal said "yes”, Billy Kuyal told him to "shut up”. On cross-examination of William Austin, however, it became clear that there was substantial hostility and bias on the part of the witness towards both the defendant and his family.
In addition, Lieutenant Allocco, a police officer, testified that William Kuyal gave a statement to him in which William Kuyal told Lieutenant Allocco that "he doesn’t know why he listens to his brother and that his brother always gets him in trouble” and "that’s why he didn’t do anything when his brother put the gun up against the woman’s chest and pushed her to the ground.”
The Supreme Court in Cruz v New York (supra) found that where a nontestifying codefendant’s confession, incriminating the defendant, is not directly admissible against the defendant per Lee v Illinois (supra), the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant and even if the defendant’s own confession is admitted against him (Cruz v New York, supra, 481 US, at 193). Thus, the facts as set forth above, which, as far as relevant herein, are virtually identical to that of Cruz. Therefore, it follows that the admission of the statements of William Kuyal at the joint trial of William Kuyal and the defendant violated the Confrontation Clause as set forth in Cruz v New York. Thus, it likewise follows the conviction utilizing said statements cannot now be used as a basis for enhancement of punishment pursuant to CPL article 400.
Therefore, this court determines that Dudley Kuyal may not be sentenced as a second felony offender because the prior conviction was unconstitutionally obtained (CPL 400.21 [7] [b]).
The matter is scheduled for sentencing on August 24, 1988 at 9:30 a.m.