■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTHA BEARD, Appellant.—Appeal by the defendant, as limited by his brief, from two sentences of the County Court, Suffolk County (Weissman, J.), both imposed June 18, 1985, upon his conviction of burglary in the second degree and resisting arrest under indictment No. 295/84, and criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under indictment No. 591/84, upon his pleas of guilty, the sentences being a definite term of 1-year imprisonment for resisting arrest and indeterminate terms of 4½ to 9 years' imprisonment as a second felony offender for each of the remaining crimes, all terms to run concurrently with each other.

Ordered that the sentences are modified, on the law, by vacating the finding that the defendant is a second felony offender and by reducing the sentences imposed upon the defendant's convictions for burglary in the second degree under indictment No. 295/84, and criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under indictment No. 591/84 from concurrent indeterminate terms of from 4½ to 9 years' imprisonment to concurrent indeterminate terms of from 3 to 9 years' imprisonment; as so modified, the sentences are affirmed.

Penal Law § 70.06 (1) (b) (iv) provides for a 10-year time limitation on the use of prior felonies for the purpose of enhancing punishment with respect to a subsequent conviction. Penal Law § 70.06 (1) (b) (v) states that: "In calculating the ten year period * * * any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration".

The defendant in the instant case was adjudicated a second felony offender based upon his June 1972 conviction for the crime of attempted robbery in the third degree. Although the defendant was sentenced for this crime more than 10 years prior to the commission of the instant offenses, invocation of the tolling provision of Penal Law § 70.06 (1) (b) (v) resulted in a determination that he was a second felony offender and thereby subject to a lengthier sentence.

On this appeal, the defendant maintains that the 10-year statutory period should not have been extended by the period of time during which he was incarcerated, since the convictions which resulted in his imprisonment during the 10 years had been reversed on appeal and the indictments thereupon dismissed *(see, People v Beard,* 74 AD2d 926; *People v Beard,* 59 AD2d 720).

The Court of Appeals, in the recent case of *People v Love* (71 NY2d 711, 716-717), confronted an issue similar to that raised at bar and declared: "it appears that the Legislature intended that a person convicted of a crime should not be treated as a repeat offender for an old conviction or *simply because in the last 10 years he was unconstitutionally convicted and deprived of his liberty"* (emphasis supplied).

In so ruling, the Court of Appeals rejected the People's literal construction of Penal Law § 70.06 (1) (b) (v) and held that "when the statute says that incarceration 'for any reason' extends the limitations period, it contemplates at least that the defendant has not been imprisoned without reason or unconstitutionally" *(People v Love, supra,* at 716).

Applying the foregoing principles to the facts at bar, we conclude that the defendant should not have been adjudicated a second felony offender based upon his 1972 conviction. We hold that the 10-year statutory period may not be extended by taking into account the period of time during which a defendant was incarcerated upon a conviction which was later reversed and declared to be invalid. Just as an unconstitutionally obtained conviction cannot support a predicate felony offender adjudication, neither should the sentence imposed, and the time served, upon an invalid conviction extend the 10-year limitation and be used to enhance punishment for another offense *(see, People v Love, supra).*

Accordingly, the defendant should be treated as a first felony offender and, pursuant to the promise made at the plea allocution, his indeterminate terms of imprisonment should be reduced to concurrent indeterminate terms of 3 to 9 years'

imprisonment. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.