■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

DUDLEY KUYAL, Respondent.—Judgment insofar as appealed from unanimously reversed on the law and matter remitted to Monroe County Court for further proceedings, in accordance with the following memorandum: Defendant pleaded guilty to a superior court information charging him with two counts of assault in the second degree in full satisfaction of that information and unrelated pending charges of rape and assault. At sentencing, defendant admitted that he had been convicted of robbery in the second degree in 1981, but claimed that this prior felony conviction was unconstitutionally obtained because the interlocking confession of a codefendant was admitted into evidence in violation of *Cruz v New York* (481 US 186). Following a hearing, the sentencing court found that a *Cruz* violation had occurred and that the holding in *Cruz* should be applied retroactively to predicate felony convictions that became final prior to the decision in *Cruz (see, People v Kuyal,* 140 Misc 2d 580). Defendant was not sentenced as a second felony offender, and the People appeal.

We reject defendant's claim that the People lacked the statutory authority to appeal. The failure to sentence a second felony offender pursuant to CPL 400.21 results in a sentence that is invalid as a matter of law *(see, People v Scarbrough,* 66 NY2d 673, *revg* 105 AD2d 1107, 1109 *on dissenting mem of Boomer, J.; People v Gilchrist,* 152 AD2d 923). The People's claim that the court erred in concluding that defendant was not a second felony offender is, in effect, a claim that the sentence imposed was invalid as a matter of law, and such claim is appealable *(see,* CPL 450.20 [4]; 450.30 [2]).

The sentencing court erred in concluding that defendant's conviction was unconstitutionally obtained. As the Court of Appeals recently observed, "for purposes of determining whether a prior conviction 'was unconstitutionally obtained' (CPL 400.21 [7] [b])—and thus may not be counted for predicate felony purposes—the proper inquiry is to determine whether the conviction was obtained in violation of the defendant's rights as defined by the law at the time of the conviction or by present law which is properly applied to it under recognized principles of retroactivity" *(People v Catalanotte,* 72 NY2d 641, 643). The law at the time of defendant's prior conviction allowed the admission of interlocking confessions *(see, People v Berzups,* 49 NY2d 417), and retroactive application of *Cruz v New York (supra)* for predicate felony purposes is not required. CPL 400.21 (7) does not mandate the wholesale invalidation of predicate convictions obtained through the use of confessions properly obtained under existing law, but

which have since become open to question *(People v Catalanotte,* 72 NY2d 641, 646, *supra).* Accordingly, we conclude that the predicate felony was not unconstitutionally obtained and that defendant must be resentenced pursuant to CPL 400.21. (Appeal from judgment of Monroe County Court, Marks, J.— assault, second degree.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.