■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DOZIER, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered July 16, 1987, convicting defendant, upon his pleas of guilty under three separate indictments, to two counts of robbery in the first degree and sentencing him, as a second violent felony offender, to concurrent indeterminate terms of imprisonment of 9 to 18 years, modified, on the law, by vacating the finding that defendant is a second felony offender and the matter is remitted to the Supreme Court for resentencing of defendant as a first offender.

Defendant was sentenced as a predicate violent felony offender to concurrent terms of imprisonment of from 9 to 18 years, upon his pleas of guilty to two counts of robbery in the first degree. The basis for his predicate status was his December 28, 1972 conviction of robbery in the second degree. The People claimed that although more than 10 years had elapsed between the two convictions, the period of limitation contained in Penal Law § 70.04 (1) (b) (iv) was tolled by defendant's incarceration from April 1, 1977 to March 13, 1979 and from September 10, 1979 to November 17, 1982 (Penal Law § 70.04 [1] [b] [v]). Defendant maintained that the period from September 10, 1979 to November 17, 1982 could not be used to toll the period of limitation because he was imprisoned on a conviction which was later reversed with the indictment subsequently being dismissed. Therefore, he states, his sentence as a predicate offender was barred by the 10-year period of limitation. The Supreme Court disagreed and sentenced him as a predicate violent felony offender.

In *People v Love* (71 NY2d 711), the Court of Appeals held that a defendant could not be properly sentenced as a second felony offender where his incarceration on a conviction obtained in violation of his constitutional rights was used to toll the 10-year period of limitation. The court interpreted three statutes to determine the legislative intent in enacting the enhanced sentencing provisions, the period of limitation contained in Penal Law § 70.06 (1) (b) (iv), the exception when defendant is incarcerated "for any reason" as provided in clause (v), and CPL 400.21 (7) (b) which provides that a previous conviction obtained in violation of a defendant's Federal constitutional rights "must not be counted in determining whether the defendant has been subjected to a predicate felony conviction". The court then concluded *(supra,* at 716-717) that "it appears that the Legislature intended that a person convicted of a crime should not be treated as a repeat offender for an old conviction or simply because in the last 10 years he was unconstitutionally convicted and deprived of his liberty."

The People maintain that the holding in *Love (supra)* is limited to convictions obtained in violation of a defendant's constitutional rights, as those rights were judicially construed at the time of conviction *(People v Catalanotte,* 72 NY2d 641, *cert denied* — US —, 110 S Ct 55). We disagree and remand for resentencing of defendant as a first offender.

Defendant was convicted in 1980 of rape and sodomy and was imprisoned from September 10, 1979 to November 17, 1982. After defendant moved to vacate the judgment of conviction on the ground of newly discovered evidence pursuant to CPL 440.10 (1) (g), the County Court reversed the conviction and ordered a new trial. However, the indictment was dismissed on the People's motion. The newly discovered evidence consisted of records and reports of a number of therapists concerning the complainant's psychiatric history both before and after the alleged rape and sodomy *(see, Dozier v State of New York,* 134 AD2d 759, where the Third Department reversed the dismissal of defendant's claim for damages against the State pursuant to the Unjust Conviction and Imprisonment Act and discussed the circumstances leading to the granting of his CPL 440.10 motion). The evidence demonstrated that the complainant suffered from psychological disorders which would have had serious impact on the veracity of her allegations against defendant. The therapists' records indicated that the complainant was confused about her sexual identity, had distorted perceptions of her encounters with men

and had a pattern of perceiving herself as a victim. The therapists' reports further revealed that the complainant had extreme behavioral reactions to rejection and would attempt to avenge or reverse the other person's rejection of her. She had also told a therapist that she had let herself be raped, enjoyed it and that she felt guilty about pressing charges.

Contrary to the finding of the dissent, the Court of Appeals, in *People v Love (supra)*, did not merely limit its holding to convictions unconstitutionally obtained. The court held *(supra, at 716)* that "when the statute [Penal Law § 70.06 (1) (b) (v)] says that incarceration 'for any reason' extends the limitations period, it contemplates at least that the defendant has not been imprisoned *without reason or unconstitutionally"* (emphasis added). The information concerning the complainant's psychiatric history, which was discovered only after defendant was already serving his sentence, and which led to the reversal of his conviction and the People's decision to dismiss the indictment rather than to retry the case, clearly demonstrates that defendant was imprisoned "without reason". His innocence of that crime should not be treated as irrelevant.

We agree with the decision in *People v Beard* (143 AD2d 101), where the Second Department, in interpreting the *Love* decision *(supra)*, found that defendant was improperly adjudicated a second felony offender based on two prior convictions which were later reversed and declared to be invalid. One conviction was reversed based on a violation of statute (Penal Law § 165.60 [former (2)]; *People v Beard*, 59 AD2d 720) and the other because defendant's guilt was not proven beyond a reasonable doubt *(People v Beard, 74 AD2d 926)*. The court stated (143 AD2d, *supra*, at 102) that "[j]ust as an unconstitutionally obtained conviction cannot support a predicate felony offender adjudication, neither should the sentence imposed, and the time served, upon an invalid conviction extend the 10-year limitation and be used to enhance punishment for another offense *(see, People v Love, supra)."*

Nor does the holding in *People v Bell* (73 NY2d 153) support the contention that defendant was properly sentenced as a predicate felon. Neither Justice Sullivan's dissent in *People v Bell* (138 AD2d 298) nor the Court of Appeals decision in that case lends support to the conclusion that this defendant was properly sentenced as a predicate felon. In *Bell*, defendant's underlying conviction was first reversed because of a prejudicial jury charge. His conviction after retrial was also reversed because of the introduction of improper evidence. He thereaf-

ter pleaded guilty and was sentenced. Justice Sullivan concluded, and the Court of Appeals agreed, that the date defendant was finally sentenced on his plea, rather than on his earlier convictions, was the date to be used to determine whether that conviction took place within the requisite time period to serve as the basis for sentencing as a predicate felon. As Justice Sullivan noted (supra, at 300), "[a] 'reversal' under the Criminal Procedure Law 'means the vacating of such judgment' (CPL 470.10 [1]), which is 'comprised of a conviction and the sentence imposed thereon' (CPL 1.20 [15]). * * * Following its reversal, defendant's earlier conviction was no longer a conviction. Similarly, the sentence based on that conviction was no longer a sentence." The Court of Appeals agreed with Justice Sullivan to the extent that he found the "sentence" to be used to compute the 10-year period was the sentence imposed as part of the final judgment upon defendant's guilty plea (see also, People v Lewis, 143 Misc 2d 752 [Sup Ct, Kings County]).

Nothing in the legislative history of the sentencing statutes nor in the cases cited by the dissent supports the conclusion that a defendant's imprisonment for a conviction which is reversed, and the indictment subsequently dismissed, may be used to enhance his sentence on a subsequent conviction. In each of the cited cases, there was a valid prior conviction. Here there is none.

Although the dissent discusses the severity and appropriateness of the sentence imposed, the issue here is not whether further leniency would be appropriate (it would not), but whether the sentence was legally imposed. Concur—Ross, Rosenberger and Ellerin, JJ.

Sullivan, J. P., and Rubin, J., dissent in a memorandum by Rubin, J., as follows: The only meritorious issue presented by this appeal is whether a conviction which is more than 10 years old can be the basis for sentencing as a second violent felony offender (Penal Law § 70.04) where the sentence imposed upon a subsequent, unrelated conviction, which resulted in the exclusion of a period of incarceration from the calculation of the statutory 10-year period, was later vacated and the indictment dismissed.

Defendant was sentenced as a second violent felony offender predicated upon a December 28, 1972 conviction for second degree robbery. In computing the 10-year statutory period of Penal Law § 70.04 (1) (b) (v), Supreme Court excluded the period of time from September 10, 1979 to November 17, 1982, during which defendant was incarcerated on an unrelated

charge, even though that sentence was later vacated and the indictment dismissed upon the People's motion *(see, Dozier v State of New York,* 134 AD2d 759, 760-761).

The New York predicate felony offender statutes provide for enhanced punishment if, within 10 years of the commission of a felony or violent felony for which the defendant stands convicted, he was sentenced for an offense which would constitute a felony (Penal Law § 70.06 [1] [b]) or a violent felony (Penal Law § 70.04 [1] [b]) if committed in this State. Excluded from the statutory 10-year period is *"any* period of time during which the person was incarcerated *for any reason"* (Penal Law § 70.04 [1] [b] [v]; § 70.06 [1] [b] [v] [emphasis added]). A defendant is entitled to a hearing, the procedure for which is set forth in CPL 400.15 and its parallel provision, CPL 400.21 *(see,* Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 400.15, at 218). After the hearing, "the court must make a finding as to whether or not the defendant has been subjected to a predicate violent felony conviction" (CPL 400.15 [7] [c]). Prior to the hearing, the defendant must be given a statement listing (1) each alleged predicate violent felony conviction and (2) "each period of incarceration to be used for tolling of the ten year limitation" of Penal Law § 70.04 (1) (b) (iv) (CPL 400.15 [2]). In dispute on this appeal is the scope to be accorded to the provision that a prior conviction obtained in violation of the defendant's rights under the United States Constitution "must not be counted in determining whether the defendant has been subjected to a predicate violent felony conviction" (CPL 400.15 [7] [b]).

This issue was addressed by the Court of Appeals in *People v Love* (71 NY2d 711, 716-717) in which it observed, "To the extent that the statutory scheme reveals the Legislature's purpose, it appears that the Legislature intended that a person convicted of a crime should not be treated as a repeat offender for an old conviction or simply because in the last 10 years he was unconstitutionally convicted and deprived of his liberty." The ruling left unanswered the question of whether a conviction which is invalidated upon other than constitutional grounds may toll the 10-year statutory period applicable to predicate felony convictions. The Appellate Division, Second Department, relying on *People v Love (supra),* held that "the 10-year statutory period may not be extended by taking into account the period of time during which a defendant was incarcerated upon a conviction which was later reversed and declared to be invalid. Just as an unconstitutionally obtained conviction cannot support a predicate felony offender adjudica-

tion, neither should the sentence imposed, and the time served, upon an invalid conviction extend the 10-year limitation and be used to enhance punishment for another offense" *(People v Beard,* 143 AD2d 101, 102).

I do not agree. It was the Appellate Division, Second Department which articulated the reasoning behind the statutory provisions of Penal Law §§ 70.04 and 70.06 in *People v Orr* (57 AD2d 578), stating, "The tolling provision for periods of incarceration contained in section 70.06 of the Penal Law constitutes a rational exercise of legislative judgment. A prior felon can properly be required to demonstrate that he can function in society in a law-abiding manner for a 10-year period in order to avoid being sentenced as a recidivist." As the purpose of the second felony offender statute was more recently stated by Justice Sullivan, "It was not intended to punish an individual for his past conduct, but, rather, to enhance the sentences applicable to a predicate felon who fails to demonstrate that he can function in society in a law-abiding manner for a 10-year period" *(People v Bell,* 138 AD2d 298, 300 [Sullivan, J., dissenting], *mod* 73 NY2d 153). In reinstating the second felony offender adjudication in that case, the Court of Appeals expressly adopted the reasoning stated in Justice Sullivan's dissenting memorandum (73 NY2d 153, 165, *supra).*

The Legislature clearly realized that, while an offender is incarcerated, the opportunity to exhibit antisocial behavior is severely limited. An individual may be a model prisoner but, upon release, prove to be a menace to the community. The tolling provision of the recidivist statute recognizes that a prisoner's conduct while under confinement may reveal little about his capacity to function while at liberty in society.

A careful distinction must be observed between the use of a prior conviction as a predicate felony for the purpose of enhancing sentence and the use of a period of incarceration for the purpose of tolling the 10-year statutory period. To constitute a predicate felony, a conviction must be both constitutionally obtained and upheld upon appeal. But to be utilized to toll the statutory period, incarceration may be "for any reason" (Penal Law § 70.04 [1] [b] [v]). This language is plain and is not controverted by any other provision of the Penal Law. Therefore, it should be broadly construed (McKinney's Cons Law of NY, Book 1, Statutes § 76; *People v Love,* 129 AD2d 258, 260, *affd* 71 NY2d 711, *supra).* Given the purpose of the second felony offender statute—"to enhance the sentences applicable to a predicate felon who fails to demonstrate that

he can function in society in a law-abiding manner for a 10-year period" *(People v Bell,* 138 AD2d 298, 300, *supra)*—and in the absence of a clear indication of a legislative intent to the contrary, the statutory requirement that *"any* period of time during which the person was incarcerated *for any reason"* shall be excluded in calculating the 10-year period (Penal Law § 70.04 [1] [b] [v] [emphasis added]) should not be rewritten by judicial fiat.

The broad scope given to the tolling provision must, of course, be limited to the extent that it suffers from any constitutional infirmity. In *People v Love* (71 NY2d 711, 716, *supra),* the Court of Appeals stated, in dictum, "when the statute says that incarceration 'for any reason' extends the limitations period, it contemplates at least that the defendant has not been imprisoned without reason or unconstitutionally". The court made it clear, however, that it was *not* interpreting the tolling provision on constitutional grounds *(supra,* at 715). Indeed, the cases cited in the opinion stand only for the proposition, contained in CPL 400.15 (7) (b), that an unconstitutionally obtained conviction cannot be used as a predicate felony, not that it cannot serve to toll the statutory 10-year period *(Burgett v Texas,* 389 US 109, 115; *People v Harris,* 61 NY2d 9, 16).

In *People v Catalanotte* (72 NY2d 641, *cert denied* — US —, 110 S Ct 55), the limitation period was held to be tolled by a period of incarceration resulting from a conviction which was obtained in accordance with a defendant's constitutional rights, as those rights were judicially construed at the time of conviction, but contrary to those rights as construed at the time the motion to vacate his conviction was pending. In *Catalanotte,* the Court of Appeals noted that *People v Love (supra)* "is clearly distinguishable. In that case the defendant's prior conviction was vacated because it was obtained in violation of his constitutional rights under the law that existed at the time of the conviction. Here, defendant's constitutional rights, as then defined, were respected in full" (72 NY2d 641, 647, *supra).*

While the provisions of CPL 400.15 make only casual reference to the tolling provision of the pertinent recidivist statute (Penal Law § 70.04 [1] [b]), the provisions of the parallel statute (CPL 400.21) have been applied by the Court of Appeals to preclude the use of unconstitutionally obtained convictions to toll the statutory period *(People v Love, supra; see also, People v Catalanotte, supra).* The court has not applied the Criminal Procedure Law provisions (CPL 400.15 and the

parallel provisions of CPL 400.21) to preclude the use of convictions vacated for other than constitutional reasons to toll the statutory period. In my view, the holding of the Appellate Division, Second Department in *People v Beard* (143 AD2d 101, *supra),* upon which the majority rely, is an unwarranted extension of *People v Love (supra)* to a situation which is clearly beyond the scope of CPL 400.15 or 400.21.

As to the severity of defendant's sentence, it was imposed pursuant to a negotiated plea, and he should not be heard to complain that he has received precisely what he bargained for *(People v Chambers,* 123 AD2d 270). Given defendant's substantial criminal record and his most recent conviction for a series of knifepoint robberies, I perceive no abuse of discretion which would warrant a reduction in sentence *(People v Farrar,* 52 NY2d 302, 305).

Accordingly, the judgment of the Supreme Court should be affirmed.