Smith, J.
(dissenting). Because I agree with the Appellate Division that this plea was invalid pursuant to our decision in Matter of Hynes v Tomei (92 NY2d 613, cert denied 527 US 1015) and because the acceptance of the plea violated statutory as well as fundamental constitutional principles, I dissent.
On May 29, 1997, defendant was indicted for murder in the first degree (Penal Law § 125.27 [1] [a] [vi]; [b]), murder in the second degree (Penal Law § 125.25 [1]), conspiracy in the second degree (Penal Law § 105.15) and criminal possession of a weapon in the second degree (Penal Law § 265.03). On January 26, 1998, the prosecutor filed a notice of intent to seek the death penalty as provided in CPL 250.40 (2).
Prior to our decision in Hynes v Tomei, which was decided on December 22, 1998, and while the notice of intent to seek the death penalty was still in effect, defendant pleaded guilty to the first count of the indictment, murder in the first degree. During that proceeding, he waived his right to appeal all is *457 sues except the denial of his motion to suppress statements.[1] Prior to the plea, there were negotiations between the prosecution and the defense and it was understood that after the plea, but prior to the imposition of sentence, the prosecution would withdraw the notice of intent to seek the death penalty. That understanding was carried out when, by written statement dated October 16, 1998, the District Attorney withdrew the notice of intent to seek the death penalty. On April 28, 1999, after the decision in Hynes v Tomei, the Schoharie County Court imposed a sentence of 25 years to life in prison.
By motion dated February 18, 1999, defendant moved to withdraw his plea. The motion was based on several grounds. First, defendant alleged violation of several constitutional provisions, both Federal and State. The affidavit of the attorneys in support of the motion stated:
“6. Said motion is made in reliance upon the defendant’s right to a fair trial, his right to a jury trial, his right to á reliable sentence determination, his right to due process, his right to compulsory process, his right to confrontation, his right to equal protection, his right against self-incrimination, and other rights protected by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution, Article I of the New York State Constitution, and other authorities as cited within the memorandum of law submitted in support hereof.”
Second, defendant argued that the holding of Hynes v Tomei precluded his guilty plea because the facts in his case were identical to the facts in Hynes. Third, defendant argued that he could not plead guilty while a notice of intent to seek the death penalty was in effect and that a judgment of conviction upon a plea pursuant to statutory provisions which had been declared unconstitutional was itself invalid.
In a “Memorandum of Law in Support of Motion to Withdraw Plea,” defendant relied on State and Federal cases in support of his argument that he was entitled to the benefits of the change in the law made before judgment was entered in the case: People v Walker (81 NY2d 661, 667); People v Catalanotte (72 NY2d 641, 643, cert denied 493 US 811); and Griffith v Kentucky (479 US 314, 323).
*458 County Court denied defendant’s motion. The Appellate Division reversed, vacated the judgment, restored the indictment to the pre-plea stage and reinstated the prosecution’s notice of intent to seek the death penalty.[2]
On this appeal, defendant’s contentions are that the holding in Hynes precludes his plea, that a judgment entered upon statutory provisions that have been declared unconstitutional is invalid and that Hynes explicitly states that he cannot validly plead guilty while a notice of intent to seek the death penalty is pending.
In Hynes v Tomei, this Court declared unconstitutional CPL 220.10 (5) (e) and 220.30 (3) (b) (vii),[3] the plea provisions of the Death Penalty Statute, on the grounds that they were in violation of United States v Jackson (390 US 570). In Jackson, the Supreme Court held unconstitutional the death penalty provision of the Federal Kidnaping Act (18 USC § 1201 [a]) on the ground that it imposed an impermissible burden on the exercise of constitutional rights. Specifically, the statute permitted a defendant to avoid the death penalty only by pleading guilty. The Court stated:
“Under the Federal Kidnaping Act, therefore, the defendant who abandons the right to contest his guilt before a jury is assured that he cannot be executed; the defendant ingenuous enough to seek a jury acquittal stands forewarned that, if the jury finds him guilty and does not wish to spare his life, he will die. Our problem is to decide whether the Constitution permits the establishment of such a death penalty, applicable only to those defendants who assert the right to contest their guilt before a
*459 jury. The inevitable effect of any such provision, is of course, to discourage assertion of the Fifth Amendment right not to plead guilty and to deter exercise of the Sixth Amendment right to demand a jury trial. If the provision had no other purpose or effect than to chill the assertion of constitutional rights by penalizing those who choose to exercise them, then it would be patently unconstitutional” (390 US, at 581-582).
In Hynes, this Court stated that because the provisions prohibited the imposition of the death penalty only on a plea of guilty to murder in the first degree, the sections needlessly encouraged defendants to forego trial in an effort to avoid a death penalty prosecution. Just as the applicable provisions chilled a defendant’s exercise of Fifth and Sixth Amendment rights in United States v Jackson and Hynes v Tomei, the provisions, already declared unconstitutional, chill those rights in this case.
Defendant’s second argument is that a judgment of conviction entered after this Court decided Hynes v Tomei is invalid. Once this Court declared the plea provisions unconstitutional, no judgment should have been entered pursuant to a plea of guilty under those provisions. When an applicable provision of law changes while a case is still on appeal, the new standard applies to that case (Griffith v Kentucky, supra, 479 US 314, 322-323; People v Walker, 81 NY2d 661, 667; People v Catalonotte, supra, 72 NY2d, at 645). In Griffith, the Supreme Court stated:
“[FJailure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication. * * * But after we have decided a new rule in the case selected, the integrity of judicial review requires that we apply that rule to all similar cases pending on direct review” (Griffith v Kentucky, 479 US, at 322-323).
The application of a change of law to any case on direct appeal is not uniquely Federal. This Court has applied a change in law to cases on direct appeal (People v Morales, 37 NY2d 262 [conviction reversed where a notice-of-alibi statute, which had prevented defendant from calling an alibi witness, was declared unconstitutional]; People v Pepper, 53 NY2d 213 [the holding of People v Samuels (49 NY2d 218) that once an ac *460 cusatory instrument has been filed, a defendant cannot waive his constitutional right to counsel except in the presence of counsel, would be applied to all cases on direct review]). It is noteworthy that the majority addresses none of these cases.
The majority’s view that this case is governed by Brady v United States (397 US 742) is simply incorrect. The Jackson case held the plea provisions of the kidnaping statute unconstitutional. It did not invalidate the entire statute, nor did it prevent pleas under the statute. Here, by contrast, the very statute authorizing defendant’s plea has been declared unconstitutional. The issue in Brady was whether defendant’s plea was voluntary when the reason for the plea was to avoid the death penalty.[4] Here, voluntariness is not an issue. The issue is whether the plea is valid when the statutory provisions under which the plea was made are unconstitutional.
Third, the clear statement of Hynes v Tomei is that a defendant cannot plead guilty to murder in the first degree while a notice of intent to seek the death penalty is pending:
“Finally, while CPL 220.10 (5) (e) and 220.30 (3) (b) (vii) relate exclusively to pleas in first degree murder cases and ‘needlessly’ encourage guilty pleas in violation of Jackson, CPL 220.60 (2) (a) is not limited to first degree murder cases, nor does it, in the absence of CPL 220.10 (5) (e), violate Jackson. Therefore, only CPL 220.10 (5) (e) and 220.30 (3) (b) (vii) must be stricken. Under the resulting statute, a defendant may not plead guilty to first degree murder while a notice of intent to seek the death penalty is pending” (92 NY2d, at 628-629).
Since the plea here was made while the intent to seek the death penalty was pending, defendant’s plea is invalid. This is a matter not of Federal law but of State statutory interpretation and State procedure in guilty pleas. Therefore I cannot *461 agree with the majoritys view that there is no State aspect to defendant’s argument here. The plea provisions of the Death Penalty Statute were held unconstitutional on Federal grounds. But defendant pleaded guilty pursuant to a State statute and the validity of that plea is very much before us.
Finally, because an intent to seek the death penalty cannot be refiled once it is withdrawn (CPL 250.40 [4]), the matter should be remitted to the trial court and the indictment restored to the pre-plea stage, without the notice of intent to seek the death penalty.
Chief Judge Kaye and Judges Ciparick, Wesley, Rosenblatt and Graffeo concur with Judge Levine; Judge Smith dissents in a separate opinion.
On the People’s appeal, order reversed, plea reinstated and case remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein. Defendant’s appeal dismissed upon the ground that he is not adversely affected by the Appellate Division order within the meaning of CPL 450.90 (1).

. I agree with the Appellate Division that, as a matter of public policy, the defendant’s waiver of the right to appeal cannot preclude review by this Court.

. The majority concludes that defendant’s appeal must be dismissed because the Appellate Division order was not adverse to him within the meaning of CPL 450.90 (1). Contrary to the view of the majority, when a decision reinstates the possibility of death, it is certainly partially adverse to the defendant. CPL 450.90 (1) states that an appeal may “be taken to the court of appeals by either the defendant or the people from any adverse or partially adverse order of an intermediate appellate court.”

. CPL 220.10 (5) (e) and 220.30 (3) (b) (vii) state in identical language: “A defendant may not enter a plea of guilty to the crime of murder in the first degree as defined in section 125.27 of the penal law; provided, however, that a defendant may enter such a plea with both the permission of the court and the consent of the people when the agreed upon sentence is either life imprisonment without parole or a term of imprisonment for the class A-I felony of murder in the first degree other than a sentence of life imprisonment without parole.”

. The voluntariness of the plea was the only issue raised and determined in Brady. This is clear from a statement in the opinion:
“In 1967, petitioner sought relief under 28 U.S.C. § 2255, claiming that his plea of guilty was not voluntarily given because § 1201(a) operated to coerce his plea, because his counsel exerted impermissible pressure upon him, and because his plea was induced by representations with respect to reduction of sentence and clemency” (397 US, at 744).