■ Charles Schwarz, Appellant, v Consolidated Edison, Inc., et al., Respondents. [47 NYS3d 9]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about August 4, 2015, which granted defendants' CPLR 3211 (a) (7) motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff failed to allege facts sufficient to state an employment discrimination claim under either the New York State or New York City Human Rights Law (HRL) based on his "having been convicted of one or more criminal offenses" (Executive Law § 296 [15]; Administrative Code of City of NY § 8-107 [10]). The State and City HRLs incorporate article 23-A of the Correction Law, which prohibits denial of employment to an individual "by reason of the individual's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of 'good moral character' when such finding is based upon the fact that the individual has previously been convicted of one or more criminal offenses" (Correction Law § 752; Executive Law § 296 [15]; Administrative Code § 8-107 [10]).

Plaintiff alleges that defendant Consolidated Edison, Inc. (Con Ed) denied him employment based on his 2002 perjury conviction, and prior assault-related convictions, which subsequently were vacated, in connection with the assault in 1997 of Abner Louima by New York City police officers who arrested and transported Louima to a police precinct, where he was beaten and sodomized in a bathroom. Plaintiff was convicted of participating in and conspiring with other officers to participate in the assault on Louima, but his convictions were vacated in 2002 on grounds of ineffective assistance of counsel (see United States v Schwarz, 283 F3d 76 [2d Cir 2002]). Upon retrial, he was tried on two of the original assault counts as well as two counts of perjury based on testimony given in the first trial. Plaintiff was convicted of one count of perjury; the jury deadlocked on the remaining three counts.

The complaint contains no allegations that show that plaintiff was terminated under circumstances giving rise to an inference of discrimination based on his perjury conviction (see Melman v Montefiore Med. Ctr., 98 AD3d 107, 113 [1st Dept 2012]), rather than due to the disruption of Con Ed's workplace and its employee and customers relations stemming from his

perceived involvement in the underlying assault. Con Ed hired plaintiff after he disclosed the conviction on his employment application. The allegations relevant to any discriminatory intent state only that shortly after he was hired, one Con Ed construction supervisor told plaintiff that people were "talking," that everyone "downstairs" knew who he was, and that his hiring "blew up the building." The complaint alleges, "Upon information and belief," without elaborating, that the supervisor was referring to plaintiff's perjury conviction (and vacated convictions), but the allegation is speculative and therefore insufficient (*see Board of Mgrs. of the Gansevoort Condominium v 325 W. 13th, LLC*, 121 AD3d 554 [1st Dept 2014]).

The complaint also alleges that Con Ed's director of employee and labor relations advised plaintiff that he was being terminated due to "potential disruption of business operations" and "damage to the Company's reputation" if he continued in its employ. There is no mention of his perjury conviction or any associated dishonesty, or any allegation that anyone mentioned the Louima case. When plaintiff himself commented that he was being terminated due to his "convictions," the director allegedly did not deny it, but under these circumstances, his silence alone does not suffice to show that plaintiff was terminated on account of his perjury conviction (*see Van Houdnos v Evans*, 807 F2d 648, 655 [7th Cir 1986]; *see also Menard v First Sec. Servs. Corp.*, 848 F2d 281, 288 [1st Cir 1988]).

The assault-related convictions on which plaintiff was retried, and the jury deadlocked, are not covered by article 23-A, since the article applies only to individuals who "previously have been convicted," and the vacatur of plaintiff's prior assault convictions rendered those convictions nullities (*Poland v Arizona*, 476 US 147, 152 [1986]; *Matter of Barash*, 20 NY2d 154, 157-158 [1967]; *People v Dozier*, 163 AD2d 220 [1st Dept 1990], *affd* 78 NY2d 242 [1991]). Although plaintiff maintains that he remains "previously . . . convicted," we reject this interpretation since it would permit an employer to deny employment based on a vacated conviction in reliance on the statutory exceptions (*see* Correction Law §§ 752, 753).

The legislative intent is to rehabilitate, and therefore avoid recidivism by, "ex-offenders," not those whose convictions have been vacated, who generally do not need rehabilitation and are not at risk of recidivism (*see Matter of Bonacorsa v Van Lindt*, 71 NY2d 605, 611-612 [1988]). "Although ex-offenders were urged when released from prison to find employment as a part of their rehabilitation, they had great difficulty in doing so

because of their criminal records . . . . Failure to find employment . . . injured society as a whole by contributing to a high rate of recidivism . . . Thus, [article 23-A] sets out a broad general rule that employers and public agencies cannot deny employment or a license to an applicant solely based on status as an ex-offender" (*id.* at 611; *see Matter of Meth v Manhattan & Bronx Surface Tr. Operating Auth.*, 134 AD2d 431 [2d Dept 1987]).

Plaintiff acknowledges that he cannot rely on sections of the State and City HRLs that render it unlawful to discriminate against an individual based on an arrest or criminal accusation that was terminated in the individual's favor (Executive Law § 296 [16]; Administrative Code § 8-107 [11]), because his convictions, upon vacatur, were remanded for a new trial, and the proceeding did not otherwise result in acquittal or dismissal of all charges against him (*see* CPL 160.50 [3]).

Similarly, the complaint does not allege any facts from which it can reasonably be inferred that plaintiff was perceived to have been convicted of the assault of Louima, assuming "perceived" convictions are protected under article 23-A. In fact, while his notoriety may well be from his perceived involvement in the assault, it is not necessarily from any perceived conviction. There are no allegations that suggest that Con Ed believed that plaintiff had been convicted of a crime against Louima.

Plaintiff does not challenge the dismissal of the complaint as against defendant Consolidated Edison Company of New York, Inc. (CEI), the parent company of Con Ed, on the additional ground that the complaint does not allege that CEI hired him or had any control over Con Ed's employment decisions so as to warrant holding it liable for Con Ed's acts. Accordingly, we affirm the dismissal of the complaint as against CEI on this additional ground (*see Esposito v Altria Group, Inc.*, 67 AD3d 499 [1st Dept 2009], *lv denied* 15 NY3d 701 [2010]). Concur—Tom, J.P., Renwick, Saxe, Feinman and Gesmer, JJ.