■ In the Matter of WAYNE S. MARKMAN, Petitioner, v NEW YORK STATE DEPARTMENT OF EDUCATION et al., Respondents.— Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Committee on the Professions which denied petitioner's application for a license to practice dentistry in New York State.

In November 1983, petitioner, licensed to practice dentistry in Missouri, sought licensure in New York. Because respondent Committee on the Professions (hereinafter the Committee) was of the opinion that petitioner had not met the "good moral character" requirement for a license in this State, petitioner's application was denied.

Petitioner has had a serious problem with the use and improper prescription of controlled substances, prompting disciplinary action in Missouri. In 1980, pursuant to a consent order entered into with the Missouri Dental Board (hereinafter the Missouri Board), petitioner's license was suspended for 45 days followed by two years of probation. The facts underlying that order, the accuracy of which petitioner stipulated to, are that he had on at least nine separate occasions prescribed methaqualone to friends and family members for other than dental purposes, and further that petitioner himself also used the drug, procuring the same from a fellow dentist with whom he was then practicing.

The conditions of petitioner's probation included compliance with Missouri drug laws and submission to random urine screening. A urinalysis conducted by the Missouri Board on August 13, 1982, caused petitioner to admit in a letter to the Missouri Board that he had ingested methaqualone. Chemical analysis indicated evidence of cocaine—which petitioner acknowledged using at social gatherings—and benzoyl ecogonine. Faced with an unambiguous and admitted violation of probation, the Missouri Board again initiated disciplinary proceedings, culminating March 1, 1983 in the suspension of petitioner's license for one year to be followed by a probation period of five years. A judicial proceeding brought to review the discipline imposed resulted in a consent order staying petitioner's suspension provided he was accepted by and qualified to enroll in an advanced course of dental study, implantology, with an identified New York City practitioner for one

year. To meet this condition petitioner was obligated to apply for a license to practice in New York.

A hearing on petitioner's application was held by a panel of respondent State Board of Dentistry (hereinafter the New York Board), at which petitioner, who has apparently completed a drug rehabilitation program, maintained that he was currently drug-free and tendered letters of recommendation attesting to that fact as well as his good moral character. The New York Board's decision, unanimously affirmed by the Committee, to deny petitioner's application for failure to meet the licensure requirement of good moral character occasioned commencement of the instant CPLR article 78 proceeding.

We fail to discern any merit in petitioner's assertion that the Committee acted arbitrarily and capriciously in denying him a license. The record details a serious and repeated history of the use and abuse of controlled substances as well as their improper prescription. This is to say nothing of petitioner's conceded violation of his probation in Missouri by yet additional use of a controlled substance. Insofar as petitioner attempts to liken his circumstance to that presented in *Matter of La Greca Rest. v New York State Liq. Auth.* (33 AD2d 537), it suffices to note that there, denial of a liquor license was based upon ancient, isolated criminal occurrences committed under mitigating circumstances and a single violation of the Alcoholic Beverage Control Law which had occurred nine years earlier. Here, in sharp contrast, petitioner's misconduct was repeated over a three-year period and, in terms of time, is comparatively recent *(see, Matter of Schmidt & Sons v New York State Liq. Auth.,* 73 AD2d 399, *affd* 52 NY2d 751). Inasmuch as this conduct would clearly warrant revocation of a dental license, it is axiomatic that it can furnish a basis for denying a dental license application *(see, Matter of Kaplan v Board of Regents,* 87 AD2d 952). Given petitioner's egregious abuse of his professional privilege, the fact that he provided evidence of his rehabilitation does not render the Committee's decision irresponsible.

Petitioner's other contention, that Correction Law article 23-A bears on this proceeding and that he cannot be denied a license on the basis of his prior record of professional misconduct in Missouri, is also unavailing. Article 23-A by its terms applies only to an application for a license made by a person who has previously been convicted of a crime (Correction Law § 751). Since petitioner's acts did not trigger a criminal prosecution and a resulting conviction, article 23-A is inapplicable *(see Matter of Mosner v Ambach,* 66 AD2d 912). Beyond that

we note that the letters of recommendation petitioner submitted do not equate to a certificate of relief from disability or to a certificate of good conduct as referred to in Correction Law § 753 (2); such certificates are issued by a court (Correction Law § 702) or a parole board (Correction Law §§ 703, 703-b).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.