■ Siegmund Strauss, Inc., Respondent, v East 149th Realty Corp., Defendant, and Windsor Brands, Ltd., et al., Appellants. [960 NYS2d 404]—

Upon remittitur from the Court of Appeals (20 NY3d 37 [2012]), judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered April 7, 2009, declaring plaintiff Siegmund Strauss to be the lawful tenant of the subject premises, and bringing up for review an order (same court and Justice), entered August 6, 2007, which granted plaintiff's motion to dismiss the amended answer of defendants Windsor Brands, Ltd., Twinkle Import Co., Inc., Teresa Rodriguez and Robert Rodriguez (defendants) which asserted counterclaims and a third-party complaint, unanimously modified, on the law, to the extent of denying plaintiff's CPLR 3211 motion, finding viable claims for breach of contract, and otherwise affirmed, without costs.

The parties to this appeal negotiated to merge their corporations and operate out of a building at 520 Exterior Street in the Bronx. At the time, the building was leased by defendant Windsor. Plaintiff and the individual defendants—who owned and operated defendant corporations—drafted, but did not execute a written merger agreement. It is undisputed that all of the parties began to perform under that agreement, which included a provision that contemplated Windsor helping Strauss to negotiate a new lease for the premises with 149th Street Realty, the landlord. However, after plaintiff moved into the subject premises, the parties' relationship quickly soured, and plaintiff Strauss sought to buy out the appealing defendants. The offer was rejected, and plaintiff removed the individual defendants

from the merged corporation's payroll and changed the locks on the premises.

Plaintiff commenced this action seeking, among other things, a declaratory judgment that it was the tenant entitled to possession of the property. In their answer, defendants asserted counterclaims and a third-party complaint against the Strauss principals, alleging fraud, conversion, and tortious interference with a contractual relationship. The amended answer did not assert a claim for breach of contract.

Strauss and its principals moved, pursuant to CPLR 3211 (a) (7), to dismiss the counterclaims and third-party complaint. By order entered August 7, 2007, the court granted the motion, finding that the factual allegations underlying the counterclaims and third-party complaint supported claims for breach of contract, but not the alleged torts. Defendants moved for clarification/modification and reargument, requesting permission to amend their counterclaims to assert a cause of action for breach of contract. By order entered December 10, 2007, the court denied the motion.

Defendants subsequently moved to amend their complaint to assert a claim for breach of contract. This motion was denied by order entered February 25, 2008.[1] A bench trial ensued, and the court declared plaintiff the lawful tenant of the premises. Defendants appealed from the final judgment, seeking review of the August 2007 and February 2008 interlocutory orders pursuant to CPLR 5501 (a) (1).

We affirmed, holding that the appeal did not bring up for review either of the interlocutory orders because neither "necessarily affected" the final judgment awarding plaintiff possession of the property (*Siegmund Strauss, Inc. v East 149th Realty Corp.*, 81 AD3d 260 [1st Dept 2010]). We concluded that the judgment declaring that Strauss was entitled to possession would still stand regardless of whether defendants were permitted to pursue a claim for breach of contract (*id.* at 265).

The Court of Appeals granted leave,[2] modified, and remitted for our review of the motion court's determination in its August 2007 order, which the Court of Appeals found "necessarily affected" the final judgment (20 NY3d at 43).

Given that the remand order permits review of the motion

---

1. Defendants filed a notice of appeal from the Feb. 2008 order, but did not perfect and subsequently withdrew their appeal.

2. The Court of Appeals granted leave to appeal from that part of our order that affirmed the judgment and otherwise dismissed defendant's motion for leave to appeal from the remaining portion of our order on the ground that it did not finally determine the action (17 NY3d 936 [2011]).

court's 2007 order, we find error in the grant of plaintiff's CPLR 3211 motion to dismiss the counterclaims and third-party complaint. It is settled that a motion for dismissal pursuant to CPLR 3211 (a) (7) "must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [internal quotation marks omitted]). The pleading is to be liberally construed (*id.*). The court must accept the facts alleged in the pleading as true and accord the opponent of the motion, here defendants, "the benefit of every possible favorable inference [to] determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "[T]he criterion is whether the proponent of the pleading *has* a cause of action, not whether he has stated one" (*id.* at 88 [emphasis added and internal quotation marks omitted]).

Here, as the motion court recognized, defendants' answer and third-party complaint sufficiently alleged contract-based claims. Defendants asserted that plaintiff negotiated the merger agreement with them, and subsequently took the entirety of their food distribution business, including inventory, leased premises, clientele, and employees without making any payments therefor. Plaintiff's assertions in support of its CPLR 3211 motion did not refute defendants' allegations. Accordingly, we find that defendants have alleged facts sufficient to support contract-based claims, subject to challenge by plaintiff, and remand for further proceedings thereupon. Concur—Gonzalez, P.J., Saxe, Moskowitz and DeGrasse JJ.