Matter of Flag Container Servs., Inc. v Business Integrity Commn. (2020 NY Slip Op 02979)





Matter of Flag Container Servs., Inc. v Business Integrity Commn.


2020 NY Slip Op 02979


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Acosta, P.J., Renwick, Webber, Gesmer, JJ.


11548 155878/19

[*1] In re Flag Container Services, Inc., Petitioner-Appellant,
v
The Business Integrity Commission, etc., Respondent-Respondent.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 24, 2019, denying the petition to vacate respondent's determination, dated June 12, 2019, which denied petitioner's application for the renewal of its trade waste license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
In light of the totality of the conduct of petitioner and its related company, with which it shared principals, respondent's denial of petitioner's application to renew its trade waste license is rational and not arbitrary and capricious (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230—231 [1974]; see e.g. Matter of C.I. Contr. Corp. v New York Bus. Integrity Commn., 128 AD3d 450 [1st Dept 2015]). Respondent's stated reasons for the denial include the indictment of one of petitioner's principals, petitioner's history of safety violations, which resulted in three fatalities at petitioner's work site and the work site of its related company, and petitioner's past submission of false and misleading information to respondent, i.e., failing to disclose that one of its principals continued to work for its related company without being identified on the latter's applications as a principal or an employee (see Administrative Code of City of NY § 16-509). Under the circumstances, respondent rationally declined to consider a lesser penalty.
Contrary to petitioner's contention, respondent provided the requisite notice and opportunity to be heard (Administrative Code § 16-509[a]), and was not required to hold a hearing (17 RCNY 2-08[a]; Matter of Interstate Materials Corp. v City of New York, 48 AD3d 464, 465 [2d Dept 2008]).
Petitioner failed to show that further discovery was likely to be "material and necessary to the prosecution or defense of this proceeding" (Stapleton Studios v City of New York, 7 AD3d 273, 274-275 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK