Matter of Casino Towing Serv., Inc. v New York City Dept. of Consumer & Worker Protection (2022 NY Slip Op 02942)

Matter of Casino Towing Serv., Inc. v New York City Dept. of Consumer & Worker Protection

2022 NY Slip Op 02942

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Manzanet-Daniels, J.P., Gesmer, Moulton, Mendez, Higgitt, JJ. 

Index No. 151410/21 Appeal No. 15870 Case No. 2021-03962 

[*1]In the Matter of Casino Towing Service, Inc., Petitioner-Appellant,
v
The New York City Department of Consumer and Worker Protection, Respondent-Respondent.

Law Office of Alexander P. Kelly, P.C., Piermont (Alexander P. Kelly of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.

Judgment, Supreme Court, New York County (Verna L. Saunders, J.), entered October 13, 2021, denying the petition to annul a determination by respondent New York City Department of Consumer and Worker Protection (DCWP), dated January 14, 2021, which suspended petitioner's tow truck license for three months for alleged violations of insurance coverage rules, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DCWP's determination was not arbitrary and capricious and was rationally supported by the record (see CPLR 7803[3]). Petitioner, a tow truck company, was required to submit and maintain proof of insurance in the amounts mandated by Administrative Code of the City of New York § 20-500 and 6 RCNY § 2-362(d), and, as petitioner acknowledged when it signed the 2018—2020 renewal application, it was obligated to report any modification to the insurance policy to DCWP within 10 days of the modification. Nonetheless, petitioner modified the policy four days after it submitted its proof of insurance to DCWP, reducing the insurance coverage to amounts that did not satisfy the requirements under the Administrative Code and Rules of the City of New York, and did not inform DCWP of this change for over a year. Therefore, DCWP's decision to suspend petitioner's license was rational (see Administrative Code § 20-504[c]). Contrary to petitioner's contention, the penalty does not shock the conscience (see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1068 [2018]).
Petitioner did not have a constitutional due process right to a hearing, since the renewal license application was pending when DCWP issued the suspension and there is no property interest in the renewal of an expired license (see Testwell, Inc. v New York City Dept. of Bldgs., 80 AD3d 266, 274 [1st Dept 2010]). Moreover, the absence of a hearing was not a denial of due process, since DCWP provided petitioner with the requisite notice and opportunity to be heard, and petitioner had the opportunity to make written submissions (Administrative Code § 20-504; see Thornton v New York City Dept. of Educ., 167 AD3d 444, 445-446 [1st Dept 2018]). Petitioner also failed to
demonstrate that discovery was material and necessary (see Matter of Flag Container Servs., Inc. v Business Integrity Commn., 183 AD3d 498, 499 [1st Dept 2020]).
We have considered petitioner's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022