Matter of Tsamasiros v New York City Dept. of Bldgs. (2023 NY Slip Op 06499)

Matter of Tsamasiros v New York City Dept. of Bldgs.

2023 NY Slip Op 06499

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Kapnick, J.P., Kennedy, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 154993/21 Appeal No. 1255 Case No. 2022-05031 

[*1]In the Matter of Christos Tsamasiros, Petitioner-Appellant,
v
The New York City Department of Buildings et al., Respondents-Respondents.

Rabinowitz, Galina & Rosen, Mineola (Daniel Rabinowitz of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Ian Sinclair of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (William Perry, J.), entered on or about April 18, 2022, which denied the petition to annul the determination of respondent The New York City Department of Buildings (the DOB), dated January 21, 2021, denying petitioner's applications to renew his master plumber and master fire suppression piping contractor licenses, or, in the alternative, to remand the matter for an analysis under Correction Law §§ 752 and 753, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Supreme Court properly concluded that the DOB's determination not to renew petitioner's licenses was neither arbitrary and capricious nor irrational (see CPLR 7803[3]; Administrative Code of City of NY §§ 28-401.12, 28-401.19). The record adequately supports the DOB's determination that petitioner made false statements in documents submitted to a government agency and displayed poor moral character, adversely reflecting on his fitness to conduct the regulated work (see Administrative Code § 28-401.19[2], [13]; Matter of Tsamos v New York City Dept. of Bldgs., 192 AD3d 494, 494 [1st Dept 2021]; Testwell, Inc. v New York City Dept. of Bldgs., 80 AD3d 266, 277 [1st Dept 2010]). Nor was the DOB required to conduct an analysis under Correction Law §§ 752 and 753, as petitioner was not actually convicted of any crime (see Matter of Markman v New York State Dept. of Educ., 131 AD2d 908, 909 [3d Dept 1987]; see also Bonacorsa v Van Lindt, 71 NY2d 605, 611 [1988]).
The DOB's decision not to renew petitioner's licenses does not shock the conscience and is not disproportionate to the offense, as the Administrative Code contemplates nonrenewal in situations where applicants submit falsified documents to government agencies (see Matter of Harvey v New York City Dept. of Bldgs., 180 AD3d 434, 435 [1st Dept 2020]). Furthermore, petitioner's conduct involved a long-term pattern of intentional misconduct (Tsamos, 192 AD3d at 494; Harvey, 180 AD3d at 435).
Petitioner was also not entitled to a hearing prior to the DOB's determination not to renew his licenses. Although revocation or suspension of licenses may require a hearing (see 1 RCNY 105-05[a][5]), petitioner has no property interest in the renewal of the licenses (see Testwell, 80 AD3d at 273-274; see also Matter of Casino Towing Serv., Inc. v New York City Dept. of Consumer & Worker Protection, 205 AD3d 410, 410-411 [1st Dept 2020]). Petitioner is, as he notes, entitled to notice and an opportunity to be heard (see Administrative Code § 28-401.12). However, he was not deprived of that right, as he was afforded an opportunity to be heard in a meaningful manner and at a meaningful time through written submissions before the DOB issued its findings (see Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 260 [2010], cert denied 562 US 1108 [2010]).
We have considered petitioner's remaining contentions and find them unavailing[*2].
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023