**PC-34 DOE v Immaculate Conception Sch.**

2024 NY Slip Op 30339(U)

January 26, 2024

Supreme Court, New York County

Docket Number: Index No. 950003/2021

Judge: Alexander M. Tisch

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. ALEXANDER M. TISCH                    PART                    18

*Justice*

-------------------------------------------------------------------X

PC-34 DOE,

                               Plaintiff,

                    - v -

IMMACULATE CONCEPTION SCHOOL, IMMACULATE
CONCEPTION CHURCH, THE ARCHDIOCESE OF NEW
YORK,

                           Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 950003/2021 |
| MOTION DATE | 04/12/2021 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 34, 35, 36, 37, 38, 39

were read on this motion to/for                          **DISMISS**               .

      Upon the foregoing documents, defendant Archdiocese of New York (the "Archdiocese")

moves for an order pursuant to CPLR 3211(a)(7) (a) dismissing the third cause of action, for

negligent infliction of emotional distress; (b) the fourth cause of action, for premises liability; (c)

the fifth cause of action, for breach of fiduciary duty; and (d) striking the reference to the

doctrine of respondeat superior contained within paragraph 47 of plaintiff's negligent hiring,

retention, supervision and direction cause of action (Motion Seq. 004).

      Plaintiff commenced this action seeking to recover damages for personal injuries

sustained from alleged sexual abuse by Mr. Garrett, an employee of defendants Immaculate

Conception School, Immaculate Conception Church, and the Archdiocese. Plaintiff alleges that

the abuse began in or about 1970 when plaintiff was 12 years old, and that the abuse occurred on

the premises of Immaculate Conception School while Garrett was acting in his assigned role of

teacher.

Plaintiff did not oppose the instant motion. Additionally, defendants Immaculate Conception School and Immaculate Conception Church previously moved for dismissal of plaintiff's third and fifth claims for negligent infliction of emotional distress and breach of fiduciary duty. By Decision and Order dated September 11, 2023, this Court granted the motion and dismissed the third and fifth causes of action, finding they were, respectively, duplicative and insufficiently pled (NYSCEF doc No. 59). For the same reasons, the Court now dismisses both claims as against the Archdiocese and turns to the remaining branches of the Archdiocese's motion.

## DISCUSSION

In determining a motion to dismiss a complaint pursuant to CPLR §3211(a)(7), a court's role is deciding "whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*African Diaspora Maritime Corp. v Golden Gate Yacht Club*, 109 AD3d 204 [1st Dept 2013]; *Siegmund Strauss, Inc. v East 149th Realty Corp.*, 104 AD3d 401 [1st Dept 2013]). The standard on a motion to dismiss a pleading for failure to state a cause of action is not whether the party has artfully drafted the pleading, but whether deeming the pleading to allege whatever can be reasonably implied from its statements, a cause of action can be sustained (*see Stendig, Inc. v Thorn Rock Realty Co.*, 163 AD2d 46 [1st Dept 1990]; *Leviton Manufacturing Co., Inc. v Blumberg*, 242 AD2d 205, 660 NYS2d 726 [1st Dept 1997] [on a motion for dismissal for failure to state a cause of action, the court must accept factual allegations as true]).

When considering a motion to dismiss for failure to state a cause of action, the pleadings must be liberally construed (*see* CPLR §3026; *Siegmund Strauss, Inc.*, 104 AD3d 401, supra).

**950003/2021 DOE, PC-34 vs. IMMACULATE CONCEPTION SCHOOL**
**Motion No. 004**

**Page 2 of 6**

The court must "accept the facts as alleged in the complaint as true, accord plaintiffs 'the benefit of every possible favorable inference,'" and "determine only whether the facts as alleged fit into any cognizable legal theory" (S*iegmund Strauss, Inc.*, 104 AD3d 401, supra; *Nonnon v City of New York*, 9 NY3d 825 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Leviton Manufacturing Co., Inc. v Blumberg*, 242 AD2d 205 [1st Dept 1997]).

**Premises Liability**

"In a premises liability case, the plaintiff must establish: (1) the existence of a defective condition, and (2) the defendant either created or had actual or constructive notice of the defect" (*see Ingram v. COSTCO Wholesale Corp.*, 117 A.D.3d 685, 985 N.Y.S.2d 272 [2d Dept. 2014]). Plaintiff has alleged defendants had a duty to ensure the school was in a reasonably safe condition and defendants breached that duty by negligently failing to ensure the school was free of sexual predators, such as Mr. Garrett.

New York has upheld premises liability claims in sexual assault cases in circumstances where property owners failed to adequately secure their premises from outside assailants. In *Gonzalez v Riverbay Corp.*, 150 AD3d 535 (1st Dept 2014), the plaintiff alleged a premises liability claim against her co-op building complex after an individual snuck into the building's laundry room and assaulted her. The First Department, noting that the perpetrator had similarly entered other buildings in the complex before, held that the plaintiff raised an issue of fact regarding "whether defendants discharged their common-law duty to take minimal precautions to protect the tenants from foreseeable harm" (*id.* at 536 [internal citations omitted]).

Here, in contrast to cases such as *Gonzalez*, plaintiff is not arguing that defendants inadequately secured their property from intruders but contends defendants were negligent in allowing someone with known proclivities for abuse to work on their property. The allegations

950003/2021  DOE, PC-34 vs. IMMACULATE CONCEPTION SCHOOL
Motion No. 004

Page 3 of 6

3 of 6

under plaintiff's premises liability claim thus duplicate those under his negligent hiring, retention, and supervision claim. In *Nouel v 335 Wadsworth Reality LLC*, 112 AD3d 493 (1st Dept 2013), the plaintiff sued an apartment building after being assaulted by a porter who was a registered sex offender. The First Department dismissed that plaintiff's premises liability claim, holding that "although couched as a premises liability claim," it "is merely duplicative of the negligent hiring, retention, and supervision claims" asserted against the building (*id.* at 494).

Similarly, premises liability claims in CVA cases premised on a negligent failure to supervise employees in CVA cases have been subject to dismissal, such as in *Fay v Troy City Sch. Dist.*, 197 AD3d 1423 (3rd Dept 2021), involving abuse by the defendant school district's swim coach in which the Third Department dismissed plaintiff's claim for premises liability against the school district (id. at 1424 ["The conduct complained of in the causes of action for premises liability . . . falls entirely within the scope of plaintiff's separate causes of action for negligence, negligent supervision and negligent retention . . . [the premises liability claim] must be dismissed as duplicative of the negligence, negligent supervision and negligent retention claims . . ."]). Accordingly, this Court dismisses plaintiff's cause of action for premises liability against all defendants as duplicative.

### The Complaint's reference to "respondeat superior"

Plaintiff's first cause of action alleges negligent hiring, supervision, and direction. While the Archdiocese does not seek dismissal of this claim entirely, the Archdiocese argues that Paragraph 47 under this claim impermissibly alleges liability predicated on the doctrine of reaspondeat superior. Paragraph 47 states that "[a]t all relevant times, Mr. Garrett acted in the course and scope of his employment with Defendants."

**950003/2021  DOE, PC-34 vs. IMMACULATE CONCEPTION SCHOOL**
**Motion No. 004**

**Page 4 of 6**

It is well settled under New York Law that generally, acts of sexual abuse are considered to be "not within the scope or furtherance of the employment" (*Mazzarella v Syracuse Diocese*, 100 AD3d 1384, 1385 [4th Dept 2012] at 1385 ["sexual abuse by clergy"]; *see also Doe v Rohan*, 17 AD3d 509, 512 [2rd Dept 2005] ["[s]ince the bus driver's acts of sexual abuse and molestation were a clear departure from the scope of his employment, committed solely for personal reasons, and unrelated to the furtherance of his employer's business, neither the bus company nor the School District can be held vicariously liable for his acts"]; *N.X. v Cabrini Med. Ctr.*, 97 NY2d at 251 ["[a] sexual assault perpetrated by a hospital employee is not in furtherance of hospital business and is a clear departure from the scope of employment, having been committed for wholly personal motives"]; *Nevaeh T. v City of New York*, 132 AD3d 840, 843 [2nd Dept 2015] [alleged sexual misconduct by a teacher was not committed in furtherance of the DOE's business and not within the scope of employment]; *Doe 1 v Bd. of Educ. of Greenport Union Free School Dist.*, 100 AD3d 703, 705 [2d Dept 2012] [a school district was not vicariously liable where a teacher's aide allegedly engaged in a sexual relationship with a student "off school premises and/or outside school hours," and where "the conduct . . . was personally motivated [] and constituted a complete departure from her duties as a school district employee"]). Given that the conduct alleged by Garrett in Plaintiff's complaint constitutes a departure from his scope of employment under New York law, the doctrine of respondeat superior is not applicable and the Court grants the final branch of the Archdiocese's motion and deems Paragraph 47 stricken.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the motion of defendant Archdiocese of New York for partial dismissal pursuant to CPLR 3211(a)(7) (Motion Seq. 004) is granted in its entirety; and it is further

**950003/2021   DOE, PC-34 vs. IMMACULATE CONCEPTION SCHOOL**
**Motion No. 004**

Page 5 of 6

5 of 6

ORDERED that the third, fourth, and fifth causes of action in the complaint are dismissed against all defendants; and it is further

ORDERED that Paragraph 47 of the complaint is stricken; and it is further

ORDERED that counsel for defendant Archdiocese of New York shall serve a copy of this order along with notice of entry on all parties within 14 days.

| 1/26/2024 | | | |
|-----------|--|--|--|
| **DATE** | | **ALEXANDER M. TISCH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|------------------------|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**950003/2021  DOE, PC-34 vs. IMMACULATE CONCEPTION SCHOOL**
**Motion No.  004**

Page 6 of 6